

**FILED**

JAN - 2

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Court
Southern District of West Virginia

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

NATHANIEL HOOVER

_____     _____

_____     _____

_____     _____

_____     _____

*(Enter above the full name of the plaintiff*     *(Inmate Reg.# of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**               **CIVIL ACTION NO.** UNKNOWN *5:03-0002*
                         *(Number to be assigned by Court)*

C/O Tim Brown

C/O Danny Stone

Warden Willie Scott

Bureau of Prisons

*(Enter above the full name of the defendant*
*or defendants in this action).*

## COMPLAINT

I.     **Previous Lawsuits**

       A.     Have you begun other lawsuits in state or federal court
              dealing with the same facts involved in this action or
              otherwise relating to your imprisonment?

                     Yes <u>xxx</u>     No ____

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

Plaintiffs: <u>Same Parties Listed Above</u>

Defendants: <u>Same Parties Losted Above</u>

2. Court (if federal court, name the district; if state court, name the county):

<u>United States District Court for Atlanta Ga</u>

<u>Eleventh Circuit</u>

3. Docket Number: <u>N/A</u>

4. Name of judge to whom case was assigned:

<u>N/A</u>

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

<u>Case was disposed because the Plaintiff had not</u>

<u>Completed his administrative Remedyies</u>

6. Approximate date of filing lawsuit: <u>N/a</u>

7. Approximate date of disposition: <u>N/A</u>

**II.**   **Place of Present Confinement:**   Beckley F.C.I.

    **A.**   Is there a prisoner grievance procedure in this institution?

           Yes XXX           No _____

    **B.**   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

           Yes XXX           No _____

    **C.**   If your answer is YES:

        1.   What steps did you take? Plaintiff filed 8¥, 9,

           to the Warden, and 10 to Regional Director, also appealed his decision to Washington D.C.

        2.   What was the result? The result was rather negative

The           and very time consuming, but a victory. for plaintiff...

    **D.**   If your answer is NO, explain why not: _____

**III.**   **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.)

    **A.**   Name of Plaintiff: Nathaniel Hoover113734-058

m        Address: Beckley F.C.I. P.O.Box 350 Beaver, W.Va
                                      25813

    **B.**   Additional Plaintiffs and Address: N/A

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item D for the names, positions, and places of employment of any additional defendants.)

C.    Defendant _See 4 USM 285 forms forr name and address._

is employed as _Warden and Correctional Officers for_

at _U.S.P. Atlanta Bureau of Prisons._

D.    Additional defendants: _unknown._

IV.    **Statement of Claim**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheet if necessary).

_See attached complaint._

Nathantiel Hoover

v.                                          Docket No: Unknown
                                            Jury Trial Demanded

Correctional Officers,
Tim Brown, Danny Stone,
to be Sued in their
Individual Capacities,
Warden Willie Scott, Sued
in his individual Capacity.
Bureau of Prisons, to be
sued in it's individual and
official capacity. Et Al

Fact to Support Complaint:

   1) The plaintiff Nathaniel Hoover, was incarcerated at
U.S.P. Atlanta Prison (U.S.P. Atlanta) during the events described
in this complaint.

   2) Defendants Tim Brown, Danny Stone and Willie Scott are
Correctional Officers employed at U.S.P. Atlanta. They are being
sued in their Individual Capacity.

   3) Defendant Tim Brown is a Correctional Officer/Institution
Spanish School Teacher, employed at U.S.P. Atlanta Penitentiary,
He is bening sued in his individual capacity.

   4) Defendant Danny Stone is the Correctional/Institutional
Officer who on the night event occurred, was the operator of
the Chapel and the Lobby area at U.S.P. Atlanta.  He is being
sued in his individual Capacity.

   5) Defendant Warden Willie Scott, the Head of Security
at U.S.P. Atlanta, and also is in charge of the Supervision
and discipline over all Correctional/Institutional Staff at
U.S.P. Atlanta.  He is being sued in his Official and individual
capacity.

-1-

6) All the defendants have acted, and continued to act under the color of State Law, at all times relevant to this complaint.

**FACTS** **FACTS**

7) On December 8th, 1995, on or about 6:45p.m., The plaintif was waiting for the religious service to start.

8) Defendant Danny Stone, who was in charge of operations in this area between the Lobby and the Chapel.

9) The plaintiff and inmate Hunter was discussing the Bible.

10) The Defendant (Stone) interrupted and stepped between the plaintiff and other inmate Hunter.

11) The defendant (Stone) said to the plaintiff "Hey it looks like you need two bibles in your hands, because of the problems in your life.

12) Inmate Hunter, who heard the whole conversation and the disrespctful remarks make by the defendant (Stone), Hunter replied that you don't even know Mr. Hoover (plaintiff). "Mr. Hoover did not say anything disrespectful to you."

13) Defendant Stone said to inmate Hunter "Do you want to go to the hole (S.H.U.) . Inmate Hunter replied "no Sir," Defendant Stone then said , "then Stay out of this.

14) Defendant and the plaintiff engaged in an unpleasant conversation for about fifteen minutes.

15) The plaintiff said the the defendant (Stone), "why are you harassing me, I don't want any trouble, I am only here to join the church of God".

16) The defendant (Stone) refused to understand. The defendant just kept on making smart comments saying, I can send you to the hole (S.H.U.).

-2-

17). The plaintiff said to defendant (Stone) "I think you better get off my back before I report this to the Lieutenant.

18) Defendant Stone got really upset and said, to the plaintiff Hoover, "well I order you to leave this Building."

19) While the plaintiff  was just about to leave out of the lobby area and go into the chapel area and then out the exit door.

20) Defendant (Stone) stepped in front of the plaintiff's way , by blocking the lobby door.

21) While defendant (Stone) was standing by the doorway blocking the exit, and arguing with the plaintiff, other inmate was complaining, trying to get through the lobby door.  For it was time for the Seven O'clock Church service to begin. Finally the doorway was open just enough for all the other inmates to get through for church.

22)The defendant (Stone) was still standing in the doorway know only trying to keep the plaintiff from getting through the exit door.

23) The plaintiff finally got through the lobby door without any problems.

24) Then all of a sudden the Defendant, (Stone) Start acting like somebody had tried to grab his institutional keys.

25) Defendant next accused the plaintiff of hitting him.

26) The Defendant (Stone) Them started shouting all over the Chapel area, then the defendant hit his body alarm, and started ordering all of the other inmate to get out of the Chapel and locked all the exit doors.

27) The defendant (Stone) and the plaintiff (Hoover) were the only two people left in the building,  the defendant accussed

28) While the defendant and the plaintiff was waiting for
the lieutenant and the other Correctional Officer's to arrive,
since the defendant had claimed that he had hit his body alarm.

29) Defendant (Stone) said to the plaintiff "come and go
with me to my office," plaintiff replied to the defendant, "I'll
wait right here until the Lieutenant and the other Correctional
Officer's arrive.

30) According to the investigation that was conducted in
this instant case, the defendant Stone) never hit his body alarm,
nor did at anytime did the defendant at anytime attempt to touch
his body alarm.  So it is very obvious by these action that
the defendant never figured that he was in any type of immediate
danger.

31) At or about 7:10 P.M. the defendant was still arguing
to the plaintiff about trying to coerce him to go into his office.
The plaintiff continued to refuse to go with the defendant (Stone).
For the plaintiff was still under the impression that the defendant
had hit his body alarm, and the defendant thought that he would
have a better opportunity to explain his side of the incident,
for he was afraid to be alone with the plaintiff at anytime.

32) Without any warning, Defendant Tim Brown, who at that
time was a spanish school teacher, his building or office was
located in that general area, stepped into the matter, by getting
behind the plaintiff.

33) Defendant Brown told the plaintiff to place his hand
behind his back. In which the plaintiff complied.

34) Defendant Brown place handcuffs on the plaintiff, and
then push the plaintiff face first into a concrete wall, then

-4-

proceeded to grind and smash the plaintiff's face into the wall knowingly, willingly, and intentionally, injuring the plaintiff causing bodily harm.

35) The plaintiff screamed at defendant (Brown) telling him that he was hurting his face. For a period of time the plaintiff continued to try and plead his pain, but the defendant continued to apply more and more pressure injuring the plaintiff.

36) Even other inmates on the compound who was watching this particular incident from outside the glass door, yelled at the defendant (Brown) telling him to stop such wrongful acts of misconduct, for he was intentionally hurting the plaintiff.

37) Defendant (Stone) then and only then started to panick, and picked up his radio and placed a call after realizing that Defendant (Brown) was injuring the plaintiff's face.

38) At this Moment it was clear that the plaintiff was being subjected to cruel and excessive punishment.

39) Upon the arrival of LT Jones and the other Correctional Officer's, they were stunned and shock trying to figure out what was actually wrong, for it was obvious that the plaintiff was already in handcuffs, and his face was badly injured.

40) The plaintiff was trying to explain to LT Jones but the Officer in charge refused to listen.

41) One of the other C.O.'s notice the heavy bleeding caused by the cut above the plaintiff's left eye, (done by defendant Brown).

42) On or about 7:30 P.M. the plaintiff was removed from the chapel Area, and taken to the hospital for emergency treatment.

43) The plaintiff's left eye was treated by Dr. Ms. Sakhrani, who treated plaintiff's eye.  She Asked "what in Gods name happened to you", The plaintiff tried to explain but was in to much pain, and could not properly respond at that time.

44) After Dr. Sakhrani treated the plaintiff's eye, she asked the plaintiff to take acetminophen 325g. Because of the swelling of his face and eye.

45) The plaintiff was then removed from the emergency area and placed in Disciplinary Confinement for a period of sixty six (66) days. Because Defendant (Stone) Conspired with others to file a falsified report placing untruthful events and also filing false charges .

46) On December 9th, 1995, at or about 1410, was the date and time the plaintiff reported for follow up treatment on his left eye.  The same Dr. mentioned above conducted the follow up. and prescribed that he plaintiff to take actminophen 325g.

47) On or about January 31st, 1996, while the plaintiff was still serving, his unwarranted disciplinary charges in segregation, the plaintiff wrote a cop-out to the Warden Defendant Willie Scott, concerning the the matter mention in this complaint and requesting a reply.

48) The Defendant (Scott) responded to the plaintiff's cop-out request on Feb 22nd, 1996, and statedthe following: In reference to the plaintiff's cop-out dated Feb 9th, 1996, "you have been placed on the optometrist list for an eye examination." (signed by Brenda F. Henderson, Secretary.

49) On March 10th, 1996, the plaintiff was released from Special housing unit (S.H.U.), and placed back into general population.

50) On March 17th, 1996 the plaintiff continued to write request forms concerning his left eye, for he was having problems with his vision, in the request the plaintiff was trying to see if the appointment to see the eye specialist (Doctor), had been further approved or if they were continuing to give him the run around.

51) While the plaintiff was released back onto the compound, the witnesses who had seen the incident when the Defendant (Brown was assaulting the plaintiff, on December 8th, 1995, wrote statements, their names are as follows: Micheal Hunter, Damon Parker, and Gary Sanders and also Dr. Sakhrani.

52) The plaintiff filed his initial 1983 complaint on or about Feb 9th, 1996. While the complaint was pending the plaintiff was continuously being harassed, and threatened, by other, Correctional Officer's on the compound. Again the plaintiff was falsely accused and wrongfully charge and placed back into the Special Housing Unit (S.H.U.) for allegedly disobyi an Order. The defendants, each of them did combine, conspire, and confederate together and with diver others, the identity of whom are unknown to the plaintiff, to punish the plaintiff for filing 1983 claim, all in violation of his Due process right's and also his 8th amendment right's to be free from cruel ,excessive and unusual punishment.

Now in order to conceal the wrongful acts of misconduct
the Warden and all others furthered their conspiracy by contactin

The Bureau of Prison (B.O.P.), and requesting that the plaintiff
be transfered immediately, therefore the plaintiff was place
on "Diesel Therapy," (transfered) to another institution. On
October 16th, 1997 this transfer started and the plaintiff was
placed to U.S.P. Beaumont Texas.

53) On July 21st, 1998, the plaintiff then was transferred
from Beaumont Texas to Oklahoma City for more Diesel Therapy.

54) On August 8th, 1998, the plaintiff was transferred from
Oklahoma City to Beckley F.C.I. located in Beaver W.Va where
the plaintiff in now incarcerated.

55) While the plaintiff has been incarcerated here at Beckley
F.C.I. it has been very difficult for him to follow up on his
claims or 1983 complaint.

56) The plaintiff filed for his request for Administrative
Remedy forms on 4/22/99. The Administrative Remedy Coordinator
here at Beckley F.C.I., responded on May 7th, 1999 Stating that
this matter has already went to the Regional Level and was rejected
If you wish to appeal the Regions rejection, you must file a
BP-11.

57) The plaintiff filed or appealed his claim to the
Administrative Remedy coordinator at the B.O.P. in Washington
D.C. on May 18th, 1999.

58) The Federal B.O.P., Administrative Remedy Coodinator
received the plaintiffs complaint on June 7th, 1999, the response
was due on June 27th, 1999. But they filed for an extension
of time. Which was granted and the new time frame was July 17th

1999.

59) Finally the Federal Bureau of Prisons, Administrative Remedy Appeal case no: 179958-A1.  On 7/13/99, they responded to the plaintiffs claim, the plaintiff read the response which stated "That the plaintiff's complaint was being referred to the appropriate officer for investigation, the investigating staff will make the determinations as to the course and scope of the investigation. Inmate are not advised of the outcome of the investigation. This response is for informational purposes only signed by Ms Wendy J. Roal, Administrator;N.I.A.

60) Now the purpose for all of this was to hinder the plaintiff on his 1983 Civil Action Complaint against the above mentioned defendant's.  This was all done so that the plaintiff would not be able to file a timely complaint.

61)Under Smith v. Wade, 461 U.S. 30, 75 L.Ed 2d 632, 103 S.Ct. 1625 (1983)  The Supreme Court has held that a prison Gaurd may be liable for punitive dameges.

62) The plaintiff feels that the B.O.P. has personally with knowledge and intent place the defendant in transit and also prolonged it's administrative procedures in order to impede the plaintiff's claims under U.S.C. 1983.

63) The plaintiff filed an FOIA/PA to all the parties, the parties still seek to withhold important documents so that he is not able to file an accurate claims therefore denying him access to the courts.

Wherefore  the plaintiff, request that the court grant the following relief.

A. Issue a declaratory judgment stating that:

    1. The physical abuse of the plaintiff by the
       defendants Brown, Stone, and Scott, violated the
       plaintiff's right's under the Eighth Amendment
       to the United States Constitution and constituted
       an assult and battery under State Law...

    2. Defendant's Scott's failure to take action to curb
       the phsical abuse of prisoners violated the
       plaintiff's right's under the Eighth Amendment to
       the United States Constitution and constituted an
       assult and battery under State law.

B. Issue an injuction ordering the defendants B.O.P. or their
officers:

    1. to Immediately arrange for the plaintiff to have
       access to all hearing, investigations, hearing
       transcripts or any other documents that would further
       assist the plaintiff in his 1983 claim.

    2. Immediately arrange for the plaintiff's need for
       physical therapy or any other follow up medical
       treatment to be evaluated by a medical practitioner
       with expertise in the treatment and restoration
       of function dealing with plaintiff's left eye.

    3. Carry out without delay the treatment directed by
       such medical eye practitioner.

C. Award compensatory damages in the following Amounts:

    1. $100,000 jointly and severally against defendnats
       Brown, Stone, Warden Scott, and Bureau of Prisons,
       for the physical and emotional injuries sustained
       as a result of plaintiff's beating.

    2. $10,000 jointly and severally against defendants
       for the punishment and emotional injury resulting
       from their failure to provide adequate medical care
       to the plaintiff.

D. Award punitive damages in the following amounts:

    1 $20,000 each against defendants Stone and Brown.

    2. $20,000 each against defendants Scott, and B.O.P.

F. Grant such other relief as it may appear that plaintiff is
entitled.

Respectfully Submitted

Respectfully Submitted

Nathaniel Hoover
Inmate No. 13734-058
FCI Beckley
P.O. Box 350
Beaver WV 25813

09/12/02 THU 08:30 FAX 2025148781     ADMINISTRATIVE REMEDIES        ☒007

U.S. DEPARTMENT OF JUSTICE           **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From:    HOOVER, Nathaniel       11374-058     Pine BL     FCI Beckley
        **LAST NAME, FIRST, MIDDLE INITIAL**     **REG. NO.**     **UNIT**     **INSTITUTION**

**Part A- INMATE REQUEST**   This complaint is filed pursuant to the attached court order, entered on 12-01-98. **Attachment (A)**. And attached administrative coordinator mid-Atlantic Regional Office, entered on 4-19-99. **Attachment (B)**. On December 8, 1995, at approximately 6:45 pm, I was waiting in the corrodor of the Chapel building at U.S.P. Atlanta for the 7:00 p.m. church service to began when Officer stone approached me. Officer Stone and I engaged in a unfriendly conversation for several minutes. When, without warning, Officer Tim Brown attacked me from behind; handcuffed me, and "Then" shoved my face into the brick wall of the corrodor, causing a cut to the area of my left eye. See: Inmate Injury Assessment And Followup. **Attachment (C)**.

This unprovoked, unnecessary, and brutal assault upon me violated my constitutional right to be free from cruel and unusual punishment. I demand that I be compensated in the amount of $1.00 for nominal damages, and $200,000 for punitive damages. ALSO: I demand that my BP-9 be processed in full compliance with the Administrative Remedy Program.

4-22-99
**DATE**                                   *Nathaniel Hoover*    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
MAY - 7 1999

DATE                                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 110255-5

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
    DATE              ♲             RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN              Printed on Recycled Paper                              BP-229(13)

Administrative Remedy No.  179958-A1
Part B - Response

You allege staff physically assaulted you.

Your complaint was being referred to the appropriate office for
investigation.  Investigating staff will make the determinations
as to the course and scope of the investigation.  Inmates are not
advised of the outcome of investigation.  This response is for
informational purposes only.


7 - 13-99
DATE

WENDY J. ROAL, ADMINISTRATOR
NATIONAL INMATE APPEALS

...ment of Justice

...al Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ___Hoover, Nathaniel_____     ___11374-058___     ___Pine FL___     ___FCI Beckley___
              LAST NAME, FIRST, MIDDLE INITIAL.                    REG. NO.                UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**  This Appeal is been filed pursuant to the attached court order, entered on 12-01-98. Attachment (A). And Administrative Remedy Coordinator of Beckley FCI request, entered on May 7, 1999. Attachment (B). And Administrative Remedy Coordinator of Mid-Atlantic regional appeal, entered on April 19, 1999. Attachment (C). And other attachment (D).

On December 8, 1995, at approximately 6:45 P.M., I was waiting in the corrodor of the Chapel building at U.S.P. Atlanta for the 7:00 P.M. church service to. began when Officer Stone approached me. Officer Stone and I engaged in a unfriendly conversation for several minutes. When, without warning, Officer Tim Brown attacked me from behind; handcuffed me, and "then" shoved my face into the brick wall of the corrodor, causing a cut to the area of my left eye. See: Inmate Injury Assessment And Followup. Attachment (E). This unprovoked, unnecessary, and brutal assault upon me violated my constitutional right to be free from cruel and unusual punishment. I demand that I be compensated in the amount of $1.00 for nominal damages, and $200.00 for punitive damages. ALSO: I demand that my BP-11 be processed in full compliance with the Administrative Remedy Program.

___4-12-99_____                      _Nathaniel Hoover_____
      DATE                                                       SIGNATURE OF REQUESTER

**Part B—RESPONSE**



_____                              _____
      DATE                                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                         CASE NUMBER: __17955__

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Part C—RECEIPT**

                                                        CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL.          REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

USP LVN      DATE                                                                    BP-230(13)

09/12/02 THU 08:30 FAX 2025148761      ADMINISTRATIVE REMEDIES      008

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 7, 1999

FROM: ADMINISTRATIVE REMEDY COORDINATOR
       BECKLEY FCI

TO   : NATHANIEL HOOVER, 11374-058
       BECKLEY FCI     UNT: PINE    QTR: P05-114U
       PO BOX 1280
       BEAVER, WV 25813

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 179958-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : MAY 7, 1999
SUBJECT 1      : ASSAULT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                  MUST BE RECEIVED WITHIN 20 DAYS OF THE EVENT COMPLAINED
                  ABOUT.

REJECT REASON 2: SEE REMARKS.

REMARKS         : THIS MATTER HAS ALREADY WENT TO THE REGIONAL LEVEL
                  AND WAS REJECTED.  IF YOU WISH TO APPEAL THE
                  REGION'S REJECTION, YOU MUST FILE A BP-11.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 19, 1999

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : NATHANIEL HOOVER, 11374-058
      BECKLEY FCI     UNT: PINE    QTR: P05-114U
      PO BOX 1280
      BEAVER,  WV 25813

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 179958-R1      REGIONAL APPEAL
DATE RECEIVED   : FEBRUARY 19, 1999
SUBJECT 1       : ASSAULT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE WRONG LEVEL
                 WRONG OFFICE.

REJECT REASON 2: SEE REMARKS.

REMARKS         : THIS APPEAL WAS SENT TO WRONG REGION;HOWEVER, SINCE
                  YOU STATED IT SENSITIVE, WE WILL FORWARD TO MID-
                  ATLANTIC REGION FOR PROCESSING.

09/12/02  THU 08:31 FAX 2025148761          ADMINISTRATIVE REMEDIES                    ☑010

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: APRIL 19, 1999

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : NATHANIEL HOOVER, 11374-058
      BECKLEY FCI    UNT: PINE    QTR: P05-114U
      PO BOX 1280
      BEAVER,  WV 25813

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 179958-R3        REGIONAL APPEAL
DATE RECEIVED   : APRIL 15, 1999
SUBJECT 1       : ASSAULT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISE IS NOT A SENSITIVE ISSUE.  YOUR
                 REQUEST/APPEAL IS NOT BEING RETURNED TO YOU IN
                 ACCORDANCE WITH POLICY.

REJECT REASON 2: SEE REMARKS.

REMARKS         : YOU MUST FILE WITH YOUR INSTITUTION AT THE BP-9
                  LEVEL. IF YOU WISH TO APPEAL THE REGIONS REJECTION,
                  YOU MUST APPEAL AT THE CENTRAL OFFICE LEVEL.

P≤b 9|w

Jan 31-96

To Mr Mathew
Regional Counsel
523 Mc Dongouth Blud (SE)
Atlanta Ga 30315

From Nathaniel Hooker
Reg.No. 27374.058
Atlanta Ga 30315

Dear Mr Mathew

I am addressing this letter to you for
someone assistance in this urgent matter
On about Dec 8-1995 I was assaulted
by a STAFF MEMBER who is a school teacher
Here At USP Atlanta Ga. I have wrote the
warden about this matter also All my letters
have been denial by the Wardens. I have spoke
with the PA about my left eye Because when the
officer ~~Garland~~ ___Brown___ assault me
my head went into the Brick wall causing
damges to my left eye I have been denied
medical treatment Here Numbers of Inmates
wittness this assault Here I need your
assistance here found this matter

Respectfully Submitted
Nathaniel Hooker
Reg. no 27 374. 058

09/12/02   THU 08:32 FAX 2025148761         ADMINISTRATIVE REMEDIES                            ☒014

**...TMENT OF JUSTICE**                         INMATE INJURY ASSESSMENT AND FOLLOWUP
Federal Bureau of Prisons                                                    *(Medical)*

| 1. Institution | 2. Name of Injured | | 3. Register Number |
|---|---|---|---|
| USP - Atlanta | Hoover    Nathaniel | | 11374-058 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | | 6. Date and Time of Injury | |
|---|---|---|---|---|
| Laundry | B-516  /  Currently SHU | | 12-08-95 | 1845 |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? | 8. Date and Time Reported for Treatment | |
|---|---|---|---|
| Chapel | ☐ Yes  ☒ No | 12-09-95 | 1410 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

Around 6:45 pm ~~one~~ was sitting in the lobby, waiting
For 7:00 pm Church Service and officer Sloane came
to me and started to ~~beat~~ berate me at time For
Reasn                           Nathaniel Hoover
My Face was shoved into the wall.      *Signature of Patient*

**10. Objective:** (Observations or Findings from Examination)

37 y/o black male, alert, oriented,   X-Rays Taken ____   Not Indicated ✓
not in distress.
HEENT= ½ cm. abrasion under (L) eyebrow - lateral
No other findings  Slight edema around abrasion

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)
Abrasion (L) eyebrow

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)
Clean abrasion with Alkhol pads              Pt. educated
Ice to Area                                  RTC prn
Acetaminophen 325 mg #30 - 1 tb q 4-6° for pain.

**13. This Injury Required:**

☐ a. No Medical Attention
☒ b. Minor First Aid                
☐ c. Hospitalization
☐ d. Other *(explain)*

☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☒ g. Civilian Referred to
    Community Physician

*Signature of Physician or Physician Assistant*

Original – Medical File
Canary – Safety
Pink – Work Supervisor (Work related only)
Goldenrod – Correctional Supervisor

USP LVN

*Self Carboned Form – If ballpoint pen is used.* PRESS HARD
Previous editions not usable

BP-362(60)
FEBRUARY 1986

I wrote the warden Feb 9, 1996

Jan 31-96

To A.W Wiley Warden:

From NATHANiEL HOOVER
Reg No 11374-058

On about Dec 8. 1995 I was assaulted AT THE school Department By Mr. BROWN who is A school teacher HERE. I have had problems with my EYE Vision SINCE THIS assault took place. I HAVE SpoKE WITH THE P'A about my left eye also Dr SAKHRANi WAS WorKing At THE hospital THE Night I CAME over. Dr SAKHRANi treated my left eye BUT I still have problems with my vision. LT JONE CAME To THE school department AND saw my left eye an my head against THE brick well. OFFicer STONE was their also To SEE THIS assault take place also I need your assistance in This import matter all matters Are important to ME In this Issue. I await your Relpy In This matter.

Respectfully Submitted
NATHANiEL HOOVER
Reg No. 11374-058

Jan 31-96

To Ms Kathleen Hawks
Director of Federal Prison
Washington D.C

From Nathaniel Hoover
Reg No  22374-058
Atlanta Ga
        30315

                    Dear Ms Hawks

    I am addressing this letter to you for someone
assitance In this URgent matter. On about
Dec 8-1995 I was assaulted by a STAFF member
who Is A school teacher Here at USP Atlanta Ga
I have wrote the Warden about this matter
also. All my letters have been Denied by
the Wardens I have spoke with the P.A
about my left eye Because when the officer Brown
assault me my head went into the Brick wall
causing damges to my left eye. I have been deine
medical treatment. Here. Numbers of Inmates
wittness this assault here. I need your
assistance Here toward This matter.

                            Respect fully - Submitted
                            Nathaniel Hoover
                            Reg No. 22374-058

To Ms Kathleen Hawks
Director of Federal Prison
Washington D.C.

From Nathaniel Hoover
Reg No. 22374-058
Atlanta Ga
        30315

                    Dear Ms Hawks.

I am addressing this letter to you for someone
assistance in this urgent matter. On about
Dec 8-1995 I was assaulted by a staff member
who is a school teacher here at USP Atlanta Ga.
I have wrote the Warden about this matter
also. All my letters have been denied by
the Warden. I have spoke with the P.A
about my left eye because when the officer Brown
assault me my head went into the brick wall
causing danger to my left eye: I have been denied
medical treatment here. Numbers of inmates
witness this assault here. I need your
assistance here toward this matter.

                    Respect fully. Submitted
                    Nathaniel Hoover
                    Reg No.   22374-058

U.S. Department of Justice

Federal Bureau of Prisons

| 1. NAME OF INSTITUTION | U.S.P ATLANTA |
|---|---|

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| Hoover, Nathaniel | 11374-058 | 8 Dec 95 | 6:45pm |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Education/Chapel Area | Laundry Detail | BCH 516 |

| 9. INCIDENT    Assault<br>Refusing an order of staff | 10. CODE<br>224/307 |
|---|---|

11. DESCRIPTION OF INCIDENT (Date: 12/8/95  Time: 6:45pm  Staff became aware of incident)

Hoover several times to come with me.  Hoover, again stated " I ain't got

to come with you."  Upon the arrival of lieutenant Jones and other staff

Hoover was escorted to SHU.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME<br>8 Dec 95/9.15pm | 13. NAME AND TITLE (Printed)<br>Danny T.Stone, SOS | |
|---|---|---|---|
| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | | 15. DATE INCIDENT<br>REPORT DELIVERED | 16. TIME INCIDENT<br>REPORT DELIVERED |

## PART II – COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

| 18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:<br>_____ COMMITTED THE FOLLOWING PROHIBITED ACT.<br><br><br>_____ DID NOT COMMIT A PROHIBITED ACT. | B. _____ THE COMMITTEE IS REFERRING THE CHARGE(S)<br>TO THE DHO FOR FURTHER HEARING.<br>C. _____ THE COMMITTEE ADVISED THE INMATE OF<br>ITS FINDINGS AND OF THE RIGHT TO FILE<br>AN APPEAL WITHIN 15 CALENDAR DAYS. |
|---|---|

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

21. DATE AND TIME OF ACTION _____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |
|---|---|---|

Original – Central File Record    Blue – To Inmate after UDC Action

If so, state the lawyer's name and address:

_____

_____

Signed this _____ day of _____,19____.

_____

_____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____*12 / 31 / 2002*____
                        (Date)

_____
Signature of Movant/Plaintiff

_____
Signature of Attorney
(if any)